**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2174

KATRINA OKOLI,

            Plaintiff - Appellant,

      v.

MAYOR AND CITY COUNCIL OF BALTIMORE,

            Defendant - Appellee,

      and

THE CITY OF BALTIMORE; JOHN P. STEWART, Executive Director;
MARTIN O'MALLEY, Mayor; MICHAEL R. ENRIGHT, 1st Deputy
Mayor; COLM O'COMARTUN, Special Assistant; COMMISSION ON
AGING & RETIREMENT ED. (CARE),

            Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:06-cv-03025-WMN)

Submitted:  November 22, 2013        Decided:  June 17, 2014

Before KING, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katrina Okoli, Appellant Pro Se. Gary Gilkey, Assistant Solicitor, Allyson Murphy Huey, BALTIMORE CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrina Okoli proceeded to trial on her claims of employment discrimination on three grounds. The jury found for Okoli on her retaliation claim only, awarding her $60,000 in nominal damages for that claim. Thereafter, the district court granted Defendant's motion for judgment as a matter of law in part, reducing Okoli's nominal damages award to one dollar. The court also denied Okoli's motion to reconsider the matter. On appeal, Okoli challenges the district court's reduction of her jury award and denial of her motion to reconsider. For the reasons that follow, we affirm.

Okoli failed to submit any evidence to establish compensatory or other economic damages that occurred as a result of Defendant's termination of her employment. Thus, the district court instructed the jury that, if it found for Okoli, it could only award nominal damages. Despite the district court's clear instructions that a nominal damages was an award of only one dollar, or other small sum, the jury awarded Okoli $60,000. The district court therefore granted the Defendant's motion for judgment as a matter of law to reduce the award to one dollar.

In our opinion of March 14, 2013, we affirmed the district court and denied Okoli's motion for transcripts at Government expense. An appellant has the burden of including in

3

the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b); 4th Cir. R. 10(c). In our subsequent order of June 4, 2013, we vacated our opinion by granting panel rehearing to provide Okoli the opportunity to pay for the transcript and supplement the record on appeal. See I.O.P.-40.2 (providing that, "[i]f a petition for rehearing is granted, the original judgment and opinion of the Court are vacated").

After reviewing the submitted transcript, we remain unpersuaded that the district court erred in ruling that Okoli was entitled to only nominal damages of one dollar. Okoli does not contest the fact that she entered no evidence to support the jury's award. We review the grant of a motion for judgment as a matter of law de novo, and view the facts in the light most favorable to the nonmoving party. Sloas v. CSX Transp., Inc., 616 F.3d 380, 392 (4th Cir. 2010). We find no reversible error and therefore affirm the district court's order granting, in part, Defendant's motion for judgment as a matter of law and the order denying reconsideration of the matter. See Okoli v. Mayor & City Council of Balt., No. 1:06-cv-03025-WMN (D. Md. June 28, 2012; Sept. 25, 2012).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED